## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

BENJAMIN A. NEVAREZ,
        Appellant,

      v.

DEPARTMENT OF THE ARMY,
        Agency.

DOCKET NUMBER
DE-1221-13-0166-W-2

DATE: September 29, 2014

# THIS ORDER IS NONPRECEDENTIAL[*]

Benjamin A. Nevarez, Las Cruces, New Mexico, pro se.

Richard F. Luxemburg, Esquire, and Office of the Staff Judge Advocate, White Sands Missile Range, New Mexico, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which denied the appellant's request for corrective action. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

decision, and REMAND the case to the regional office for further adjudication in accordance with this Order.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2          In this individual right of action appeal, the appellant alleged that the agency took multiple personnel actions in retaliation for his alleged protected whistleblowing disclosures. *Nevarez v. Department of the Army*, MSPB Docket No. DE-1221-13-0166-W-1 (W-1 File), Tab 1. The appeal was dismissed without prejudice and refiled once in accordance with the administrative judge's instructions. W-1 File, Tab 9; *Nevarez v. Department of the Army*, MSPB Docket No. DE-1221-13-0166-W-2 (W-2 File), Tab 1. After holding a hearing, the administrative judge denied the appellant's request for corrective action, finding that the appellant failed to establish that he made a protected whistleblowing disclosure because "a reasonable person in the appellant's position would not believe that giving him an option of taking leave instead of being marked AWOL [absent without leave] was forcing him to take leave." W-2 File, Tab 28, Initial Decision (ID) at 9-10.

¶3          In his timely-filed petition for review, the appellant challenges some of the administrative judge's factual determinations, as well as the ultimate conclusion that he failed to establish that he engaged in whistleblowing activity by making a protected disclosure. Petition for Review (PFR) File, Tab 1 at 1-3. The agency responds in opposition. PFR File, Tab 4. The appellant includes numerous documents with his petition for review, some of which were submitted in the appeal below, and others which clearly are dated after the close of the record. PFR File, Tab 1 at 6-33. Under 5 C.F.R. § 1201.115, the Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. The appellant makes no such showing. Nevertheless, for the following reasons, we must remand the appeal to the field office for further adjudication.

¶4        Although we agree with the administrative judge that, under the circumstances presented, the appellant could not have reasonably believed that the agency's instructions for him to choose either compensatory time or AWOL to cover the 2 hours of missed time at issue in this appeal violated the prohibition against requiring an employee to take compensatory time or any other leave in the absence of that employee's request to do so, ID at 9-10, the appellant did not limit his disclosure to his own situation.  The Office of Special Counsel's (OSC) November 27, 2012 letter to the appellant regarding his complaint makes clear that his disclosure also concerned his subordinates as well.  W-2 File, Tab 6 at 60.  The appellant asserted this in his prehearing submission, W-2 File, Tab 18 at 4-5, and the administrative judge acknowledged it in the prehearing conference summary, W-2 File, Tab 25 at 3.

¶5        We also agree with the administrative judge that the agency's subsequent decision to grant the appellant's subordinates 2 hours of administrative leave, but to deny the same to the appellant, was a reasonable solution to the problem caused by the appellant's unreasonable interpretation of his supervisor's instructions for the appellant's group to leave the exercise area and his apparent condonation of them leaving 2 hours before the end of their shift.  ID at 9.  Nevertheless, it appears that the appellant's disclosure to his managers of his belief that forcing his subordinates to take compensatory time would violate Office of Personnel Management regulations was not only reasonable but, considering the chronology, may have even prompted that solution.  Thus, we vacate the initial decision and find that the appellant made a protected disclosure.

¶6        Because he found that the appellant failed to make a protected disclosure, the administrative judge did not analyze the issue of contributing factor, nor did he assess whether the agency established by clear and convincing evidence whether the agency would have taken the same action in the absence of the appellant's protected whistleblowing activity.  Nevertheless, regarding the contributing factor issue, the record reflects that the personnel actions for which

the administrative judge found that the appellant had exhausted his administrative remedies before OSC, W-2 File, Tab 25 at 4, occurred in such temporal proximity to the appellant's protected disclosures as to satisfy the knowledge/timing test for contributing factor, *see, e.g.*, *Mudd v. Department of Veterans Affairs*, 120 M.S.P.R. 365, ¶ 10 (2013) (personnel actions within 1 year of the time that an employee engaged in a protected activity satisfied the timing prong of the knowledge-timing test); *see also Ormond v. Department of Justice*, 118 M.S.P.R. 337, ¶ 13 (2012) (same, 6 months).

¶7        On the issue of whether the agency would have taken the same action in the absence of the appellant's protected activity, the record is not so clear. The proper adjudication of the issue may involve further factual determinations and will require credibility determinations that the administrative judge, who has held a hearing and personally observed the relevant testimony, is in the best position to make. *See, e.g.*, *Agoranos v. Department of Justice*, 119 M.S.P.R. 498, ¶ 32 (2013) (citing *Taylor v. Department of Homeland Security*, 107 M.S.P.R. 306, ¶ 13 (2007)). Upon remand, to determine whether the agency proved by clear and convincing evidence that it would have taken the same personnel actions against the appellant absent his protected disclosure, the administrative judge must consider the following three factors: (1) the strength of the agency's evidence in support of its action; (2) the existence and strength of any motive to retaliate on the part of agency officials involved in the decision; and (3) any evidence that the agency takes similar actions against employees who are not whistleblowers but are otherwise similarly situated. *See Carr v. Social Security Administration,* 185 F.3d 1318, 1323 (Fed. Cir. 1999). Moreover, evidence only clearly and convincingly supports a conclusion when it does so in the aggregate considering all the pertinent evidence in the record and despite the evidence that fairly detracts from that conclusion. *Whitmore v. Department of Labor*, 680 F.3d 1353, 1368 (Fed. Cir. 2012).

**ORDER**

For the reasons discussed above, we REMAND this case to the regional office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.